IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>PHILIP RODAKIS,<br>RODAKIS GENERAL PARTNERSHIP,<br>AND PDR ENTERPRISES, INC.<br><br>Debtors. | Chapter 7<br><br>Case No. 2:06-bk-04123-SSC, et al.<br><br>(Substantively Consolidated)<br><br>(Not for Publication- Electronic Docketing ONLY)<br><br>MEMORANDUM DECISION GRANTING, IN PART, AND DENYING, IN PART, THE ADMINISTRATIVE EXPENSE CLAIM OF DEBORA RODAKIS |

## I. INTRODUCTION

On October 14, 2008, Debora Rodakis filed a motion seeking allowance of an administrative expense claim for the legal fees and costs that she incurred with respect to an involuntary Chapter 11 proceeding that she filed against the Rodakis General Partnership and with respect to a voluntary Chapter 11 proceeding filed by Philip Rodakis. Counsel for Anthony H. Mason, the Chapter 7 Trustee, filed a partial objection to the relief requested. The Court conducted a hearing on the matter, at which both parties requested that the matter be deemed under advisement and that the Court render a decision on the pleadings that had been filed without any further hearings on the matter. This Decision constitutes the Court's decision on the matter, with the findings of fact and conclusions of law set forth herein. Fed. R.Bankr. P. 7052. The Court has jurisdiction over this matter, and this is a core proceedings. 28 U.S.C. §§1334 and 157 (West 2008).

1

## II. FACTUAL HISTORY

On November 21, 2006, Debora Rodakis filed an involuntary Chapter 11 bankruptcy petition against the Rodakis General Partnership ("Partnership"), which was assigned Case No. 2:06-BK-03904-RTB. On December 6, 2006, Philip Rodakis commenced a voluntary Chapter 11 proceeding, which was assigned Case No. 2:06-BK-04123-SSC ("Individual Debtor"). The Individual Debtor and the Partnership share similar creditors, including, among others, John and Irene Rodakis, the Individual Debtor's parents.

On December 22, 2006, Arboleda Brechner (the "AB law firm") was appointed counsel for the Individual Debtor. In the Application seeking employment of counsel, the AB law firm disclosed the receipt of a $5,000 retainer, which was applied to pre-filing consultation and bankruptcy planning.[1] The Partnership case was being administered by another judge of this Court, and on March 22, 2007, the AB law firm simply filed a Notice of Appearance in the case.[2] On April 30, 2007, the AB law firm filed the Partnership's Schedules and Statement of Affairs.[3] According to the Disclosure of Compensation, filed by the AB law firm in the Partnership case, the AB law firm received the sum of $2,000, and the source of the compensation was the Partnership.[4] The electronic docket reflects, however, that the AB law firm did not file a separate application to be appointed counsel for the Partnership.

At the Section 341 Meeting of Creditors in the Partnership case, the AB law firm conceded that John Rodakis paid the retainer to the Partnership Debtor.[5] As noted previously, John Rodakis is a creditor of both Debtors and is the parent of the Individual Debtor. At the same Section 341 Meeting of the Partnership Debtor, the Individual Debtor testified that a

---

**1.** See Docket Entry No. 13 in the Individual Debtor case.

**2.** See Docket Entry No. 12 in the Partnership case.

**3.** See Docket Entry No. 17 in the Partnership case.

**4.** Id.

**5.** See Docket Entry No. 18 in the Partnership case.

2

separate restaurant corporation of which he and his father were the principals, provided the necessary funding for the Partnership to make payments on its bank loans and secured debts. At some point, John Rodakis, the bookkeeper for the restaurant corporation, stopped making payments on the secured debt owed by the Partnership to John Rodakis. This allowed John Rodakis to commence proceedings to foreclose his deed of trust on the Partnership real property, which was only apparently stopped by the filing of the involuntary Chapter 11 proceedings by Debora Rodakis against the Partnership. Despite the disclosure made at the Section 341 Meeting of Creditors, the AB law firm did not amend its disclosure of compensation attached to the Schedules.

On May 17, 2007, Debora Rodakis, the former spouse of the Individual Debtor, filed a motion in the Individual Debtor case to disqualify counsel for said Debtor, and terminate employment, based upon the AB law firm's adverse interest to the Individual Debtor's estate.[6] On May 17, 2007, counsel for Debora Rodakis also filed a motion in the Individual Debtor's case seeking conversion of the Chapter 11 proceedings to Chapter 7 or the appointment of a Chapter 11 Trustee.[7] Ms. Rodakis outlined serious alleged deficiencies by the Individual Debtor, including the failure to disclose assets, the failure to properly account, and his breaches of fiduciary duty. A series of hearings were conducted on these Motions.[8] The AB law firm ultimately disclosed that it had received the sum of $5,000 for its retention of the Individual Debtor, and the sum of $2,500 as a retainer for the Partnership. On August 1, 2007, the Individual Debtor filed an Application to Convert Chapter 11 Case to Chapter 7,[9] which was

---

**6.** See Docket Entry No. 43 in the Individual Debtor case.

**7.** See Docket Entry No. 44 in the Individual Debtor case.

**8.** See Docket Entry Nos. 56, 86, and 121 in the Individual Debtor case.

**9.** See Docket Entry No. 69 in the Individual Debtor case.

3

granted by order dated August 2, 2007.[10] On August 1, 2007 a Stipulated Motion to Convert the Partnership case to one under Chapter 7 was filed by Debora Rodakis and the Debtor, with the same Trustee to be appointed in the case.[11] On August 6, 2007, this Court ordered that the AB law firm deposit its retainers in the Individual and Partnership Debtor cases, or the aggregate amount of $7,500, with the Court registry account pending further order of the Court, including a final determination by the AB law firm whether it sought compensation for the services rendered for one or both Debtors.[12] Ultimately because of the conflict of interest, the AB law firm requested that it be permitted to withdraw as counsel for the Individual Debtor.[13] The Motion was granted.[14] On September 5, 2007, the Partnership case was converted to one under Chapter 7,[15] and the Trustee in the Individual Debtor case was also appointed the Trustee in the Partnership case.

Because of the intertwined entities, and the failure to keep appropriate books and record, the Court ultimately ordered the substantive consolidation of a non-debtor entity, the restaurant corporation, with the estates of the Individual Debtor and the Partnership, with all estates to operate as a "single economic unit."[16] After notice and hearing, the Court granted the Trustee's Motion for Substantive Consolidation.[17] On September 3, 2008, the AB law firm entered into a Stipulated Order with the Trustee waiving any claim that it might have had to the

---

**10.** See Docket Entry No. 77 in the Individual Debtor case.

**11.** See Docket Entry No. 35 in the Partnership case.

**12.** See Docket Entry No. 85 in the Individual Debtor case.

**13.** See Docket Entry Nos. 107 and 109 in the Individual Debtor case.

**14.** See Docket Entry No. 112 in the Individual Debtor case.

**15.** See Docket Entry No. 42 in the Partnership case.

**16.** See Docket Entry No. 175 in the Individual Debtor case.

**17.** See Docket Entry No. 192 in the Individual Debtor case.

4

$7,500 which was deposited with this Court.[18] After appropriate notice and hearing, the Trustee also entered into a Stipulation with the Individual Debtor, allowing him to keep certain assets of the Individual Debtor's estate, but releasing any interest that he might have to the $7,500 in retainer assets, with the funds becoming property of the consolidated estates.[19]

In the current Motion, Debora Rodakis now seeks allowance of an administrative expense claim for her counsel in connection with the filing of the Partnership involuntary petition, the disqualification motion of the AB law firm, and the request to appoint a Trustee. The amount requested is $9,030 in legal fees and $1,039 in costs. The Trustee does not oppose the request that costs in the amount of $1,039 to file the involuntary Chapter 11 filing against the Partnership be allowed as a Chapter 11 administrative expense of the consolidated estates. The Trustee also does not oppose allowing a reduced legal fee of $2,490, for the filing of the involuntary petition, as an administrative expense claim of the Chapter 11 consolidated estates.

### III. LEGAL ANALYSIS

Counsel for Debora Rodakis seeks allowance of its administrative expense claim pursuant to 11 U.S.C. §503(a), (b)(1)(A), (b)(3)(A)-(B), (b)(3)(D), and/or (b)(4) (West 2008).[20] Section 503(a) simply focuses on the timing of the filing of such a request for an administrative expense. The Trustee does not assert that this request was untimely filed.

Counsel for Ms. Rodakis next asserts that it is entitled to compensation as "actual, necessary costs or expenses of preserving the estate...." Unfortunately, other than a cursory reference to Section 503(b)(1)(A), counsel provides no support that his firm's fees and costs somehow fall within the parameters of that Subsection. An administrative expense must (1) arise

---

**18.** See Docket Entry No. 273 in the Individual Debtor case.

**19.** See Docket Entry Nos. 264 and 280 in the Individual Debtor case.

**20.** Given the filing dates of the involuntary and voluntary proceedings, the BANKRUPTCY ABUSE PREVENTION AND CONSUMER PROTECTION ACT OF 2005 ("BAPCPA") must be considered in rendering this Decision.

5

from a transaction with the debtor in possession, and (2) directly and substantially benefit the estate. Abercrombie v. Hayden Corp. (In re Abercrombie), 139 F.3d 755, 757 (9th Cir. 1998). Ultimately, Ms. Rodakis and her counsel carry the burden of proof of any fee application. In re DAK Indus., Inc., 66 F.3d 1091, 1094 (9th Cir. 1995); In re Megafoods Stores, Inc., 163 F.3d 1063, 1071-72 (9th Cir. 1998). The Court concludes that Ms. Rodakis and her counsel have not carried their burden of proof under this Subsection.

Counsel also seeks payment under Section 503(b)(3)(A), (B), or (D). These Subsections provide as follows:

> (b) After notice and a hearing, there shall be allowed administrative expenses. . . [for] –
> (3) the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
> (A) a creditor that files a petition under [S]ection 303 of this title;
> (B) a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor;
> (D) a creditor. . . in making a substantial contribution in a case under chapter 9 or 11 of this title.

These Subsections focus on the actual, necessary expenses, other than compensation, that would be incurred by a creditor that files an involuntary petition against a debtor. In this case, the creditor did incur the expense of $1,039 to file the involuntary Chapter 11 petition against the Partnership. This action prevented the Partnership property from proceeding to a trustee's sale by an insider, the parent of the Individual Debtor. The Trustee does not dispute that this expense should be paid. The Court agrees. The actions of this creditor did preserve the Partnership estate for the benefit of all creditors. However, since the Partnership case was ultimately converted to a Chapter 7 proceeding, and the Debtors' estates and the non-debtor estate were substantively consolidated, the creditor's claim for this expense must be considered a Chapter 11 administrative expense, which will be paid after all Chapter 7 administrative expenses of the consolidated estates are paid in full. *See* 11 U.S.C. §726(b) (West 2008). Ms. Rodakis and her counsel also seek expenses for her recovery, after court approval of

6

any property transferred or concealed by the debtor for the benefit of the estate, or recovery of expenses for making a substantial contribution to the case. However, Ms. Rodakis and her counsel have set forth no other expenses which fall within the parameters of Section 503(b)(3)(B) or (b)(3)(D). The only expense incurred was for the filing fee of the involuntary petition which is already covered by Section 503(b)(3)(A). Although there is a decision, In re Sedona Institute, 220 B.R. 74 (9th Cir. BAP 1998), arising from a case filed in the District of Arizona which allowed the recovery by the creditor of its attorneys' fees and costs when no expense had been shown under Section 503(b)(3), the Court is unable to apply it to the facts herein. In Sedona Institute, the Panel concluded that the creditor had made a substantial contribution in the case. That finding alone was apparently sufficient for the Panel to conclude that reasonable professional fees could be awarded under Section 503(b)(4). Id. at 81.

In this case, Ms. Rodakis and her counsel have not made the requisite showing that she made a substantial contribution to the case. Once appointed, the Trustee substantively consolidated the estates of the Individual and Partnership Debtors and the non-debtor entity and aggressively pursued the recovery of the assets of the estates and undertook the necessary settlements with creditors. The Court concludes that although Ms. Rodakis prevented the foreclosure of the Partnership property by filing the involuntary proceedings, it was the Trustee that labored to recover assets for the benefit of creditors. Thus, the Court concludes that Ms. Rodakis did not make a substantial contribution in the case.

Under the analysis set forth in Sedona Institute, if the Court is unable to find that the creditor made a substantial contribution, the Court never reaches the issue of whether reasonable compensation should be paid to her counsel. Moreover, given the plain language of Section 503(b)(3)(B) or (b)(3)(D), which requires that some type of expense must be incurred by the creditor in recovering property for creditors or in making a substantial contribution in the case as a precursor for the creditor to recover the reasonable compensation of her professionals, the Court questions the ongoing precedential effect of Sedona Institute. The Supreme Court has

7

Case 2:06-bk-04123-SSC    Doc 326    Filed 03/30/09    Entered 03/30/09 14:17:59    Desc
Main Document    Page 7 of 12

emphasized the enforcement of the language of the statute, as written, if it is unambiguous. Lamie v. United States Trustee, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). If the language of the statute is plain, the sole function of the court should be to enforce it as written. Michael N. Sofris, APC v. Maple-Whitworth, Inc., 375 B.R. 558, 575 (9th Cir. BAP 2007), (Nielsen, J. concurring, in part, and dissenting),[21] citing United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). In any event, the Court has already concluded that although the creditor did not make a substantial contribution to the case, she has set forth an expense within the parameters of Section 503(b)(3)(A).

The creditor need only have an allowable expense under any Subsection of 503(b)(3) to recover the attorneys' fees and costs of the creditor under Section 503(b)(4). This conclusion is predicated on the specific language of the statute, which provides that it is the entity that must first have one of its expenses allowable under Section 503(b)(3), Subparagraph (A), (B), ( C), (D), or (E), and then reasonable compensation may be granted for the professional services rendered by the creditor's attorney.

Having found an administrative expense of the creditor concerning the filing of the involuntary Chapter 11 proceeding, the Court next proceeds to whether any of the attorneys' fees of Ms. Rodakis' counsel may be awarded under Section 503(b)(4), which provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses. . . [for] –
> (4) reasonable compensation for professional services rendered by an attorney. . . of an entity whose expense is allowable under subparagraph (A), (B), (C), (D), or (E) of paragraph (3) of this subsection, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney. . . .

Counsel must show that the compensation requested is reasonable "based upon the time, the nature, the extent, and the value of such services, and the cost of comparable services other than

---

**21.** The Ninth Circuit decision affirming, in part, and reversing, in part, the Panel's majority opinion and agreeing with the Panel's dissent may be found at Case No. 07-56537, filed February 10, 2009. In re Maple-Whitworth, 556 F.3d 742 (9th Cir. 2009).

8

in a case under this title..." *See* 11 U.S.C. §503(b)(4)(West 2008).  The Trustee, although with some concern about whether the compensation has been adequately described, would allow $2,490 in attorneys' fees for the filing of the involuntary petition as a Chapter 11 administrative expense.  The Court has carefully reviewed the time entries submitted by Ms. Rodakis' counsel and sets forth its mixed findings of fact and law as to the services rendered hereinafter.

A.  <u>Services re Involuntary Petition</u>

Counsel requests $2,490 for 8.3 hours of time at the rate of $300 per hour.  There is some "lumping of time entries" that should have been broken down by Counsel.  However, the Court concludes that spending 1.0 hour, on November 17, 2006, discussing and reviewing the documents with his client as to the filing of an involuntary petition against the Partnership is reasonable, that is, that the time, nature, and extent of such services is reasonable and the hourly rate for such services is reasonable.  The 2.50 hours expended by Counsel to conduct research and prepare a memorandum is reasonable even though Counsel also reviewed and analyzed documents, prepared the petition and summons, and did other tasks during the same time-period on November 20, 2006.  Thus, although the various tasks were lumped in the entry, the Court concludes that just preparing the memorandum on the normal issues resulting from contemplating the filing of an involuntary petition would have taken more than 2.50 hours.

Based upon the test set forth above, the Court concludes that 2.50 hours at $300 per hour is reasonable compensation for the services rendered.  However, the Court cannot find that the other entries provide value to the consolidated bankruptcy estates.  For instance, Counsel chose to file an involuntary Chapter 11.  If he had filed an involuntary Chapter 7, he could have requested the immediate appointment of a Chapter 7 Trustee that could have handled issues regarding the imposition of the automatic stay, presented an order for relief once the Partnership did not oppose the relief requested, review orders, and take other action as necessary to preserve the estate.  As such, with no explanation, the Court is unable to conclude that the additional

9

services regarding the filing were reasonable or provided value to the estate. The Court must deny these fees.

The Court finds that Counsel should be allowed a Chapter 11 administrative expenses for 3.50 hours at $300 per hour, or the amount of $1,050.

### B. Services re Disqualification

Although the Trustee would award no compensation for these services, the Court concludes that some compensation should be paid. First, Counsel attended the Section 341 Meeting of Creditors and learned important information about the Partnership and Individual Debtors and their counsel who was attempting to represent numerous adverse interests. Because of the pressing of these issues by Ms. Rodakis' Counsel, the firm was able to recover the sum of $7,500 to be placed in the Court's registry account. Counsel learned sufficient information to press for the appointment of a trustee which would benefit all creditors of all estates. Perhaps another way to analyze these facts is for the Court to conclude that the information acquired at the Section 341 Meeting of Creditors should be considered on its own, and was instrumental in Ms. Rodakis' Counsel acting on a number of matters at once. As such, the Court shall award the 2.0 hours at the Meeting of Creditors as being reasonable compensation for services that ultimately were of value to these estates. The Court concludes that the other services relating to the disqualification of counsel were not of direct benefit or value to the estates, since the issue was ultimately pursued and resolved by the Trustee.

The Court finds that Counsel should be allowed a Chapter 11 administrative expense for 2.0 hours at $300 per hour, or the amount of $600.

### C. Services re Trustee's Appointment

Unfortunately, Ms. Rodakis' Counsel chose to file one motion seeking conversion of the Chapter 11 Individual Debtor proceedings to Chapter 7 or the appointment of a Chapter 11

10

1 | Trustee. The Court did conduct hearings on the Motion, but the Individual Debtor ultimately
2 | chose to file his own Notice concerning his voluntary conversion of his case to one under
3 | Chapter 7. Thus, it is hard to quantify the specific value of these services in the context of these
4 | consolidated estates. Once the Individual Debtor's case was converted, the Partnership case
5 | converted to one under Chapter 7 in approximately one month's time, and the one Trustee for the
6 | two estates subsequently took over the laboring oar of substantively consolidating the Debtor
7 | and non-debtor estates, liquidating the estates' assets, and resolving claims against the
8 | consolidated estates. Thus, on this record, the Court can see no basis, as a matter of law or fact,
9 | to award any compensation for services rendered on this consolidated Motion.

The Court finds that Counsel shall have no claim for the services rendered as to the appointment of a Chapter 11 trustee or for the other relief requested in the Motion.

## IV. CONCLUSION

The Court concludes that Ms. Rodakis, having demonstrated that she filed a petition under 11 U.S.C. § 303 is entitled to an administrative expense under 11 U.S.C. § 503(b)(3)(A). However, Ms. Rodakis, having failed to demonstrate that she recovered estate property under 11 U.S.C. § 503(b)(3)(B) or provided a "substantial contribution" to the estate under 11 U.S.C. § 503(b)(3)(D), is not entitled to an administrative expense under either of these subsections. Accordingly, the Motion is granted, in part, and denied, in part. Ms. Rodakis shall have a Chapter 11 administrative expense of $1,039 for the filing of the Partnership involuntary case. Her Counsel shall also be allowed, as a Chapter 11 administrative expense claim, the amount of $1,650 for the attorneys' fees incurred by him representing Ms. Rodakis in these consolidated cases. Since Counsel has avowed that it advanced the filing fee on behalf of his client, the aggregate amount of $2,689 shall be allowed as a Chapter 11 administrative expense claim, which shall be paid to Ms. Rodakis' counsel, when, and if, there are sufficient funds in the consolidated estates that payment will not prejudice claimants of equal or higher priority. The

11

1 | Court shall execute a separate order incorporating this Decision.

   DATED this 30rd day of March, 2009

   *[signature]*

   Honorable Sarah Sharer Curley
   United States Bankruptcy Judge

12